UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID HOFFMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>DAVID CONGDON,<br><br>   Defendant. | Case No. 1:20-cv-00492-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court are Plaintiff David Hoffman's Motion for Hearing (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Hoffman's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Hoffman's Motion.[1]

For the reasons explained below, the Court will GRANT Hoffman's application to proceed in forma pauperis and will allow him to pay the filing fee over time. Further, the

---

[1] Generally, the Court reviews the party's complaint, but Hoffman has not filed one in this case, which is yet another reason for dismissal. If Hoffman wishes to proceed, he must file a Complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

INITIAL REVIEW ORDER - 1

Court finds Hoffman's Motion legally insufficient to survive initial review. Nevertheless, the Court will allow Hoffman the opportunity to file a Complaint that states a viable legal claim.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks and citation omitted).

The Court has examined Hoffman's application to proceed in forma pauperis and finds it does not conclusively establish his indigence. Hoffman attests that he does not receive income from work or governmental assistance programs, but he does not address other potential sources of income. Dkt. 1, at 1. Nor does he address whether he has any other assets. He asserts that he is not homeless but struggles to survive. In short, the Court cannot determine that Hoffman is indigent to an extent that justifies waiving pre-payment of the filing fee in this case due to the lack of financial information. That said, the Court

will allow Hoffman to pay the fee over time to reduce any financial burden. Hoffman must pay the fee in $100 monthly installments.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a Court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction "…over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

In this case, Hoffman claims that he is entitled to the information of a polygraph exam he underwent in 2010 that was effectuated by the United States Probation Office, of which Defendant David Congdon is the Chief Officer. Dkt. 2, at 7. Hoffman bases his claim on the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. It appears that Hoffman seeks the polygraph information to prove that it was not used in any way to determine the conditions of his probation and claims that it should have been.

Upon the Court's initial review, the Court will deny Hoffman's Motion and dismiss this case with leave to file a Complaint. "FOIA requires governmental 'agencies' to make 'agency records' available to any person for a nominal charge . . . ." *Warth v. Dep't of Justice*, 595 F.2d 521, 522 (9th Cir. 1979) (quoting 5 U.S.C. § 552(a)(3), (4)(A)–(B)). Courts of the United States, however, are statutorily excluded from the definition of "agency" and exempt from the disclosure requirement of FOIA. *Id.*; *see also* 5 U.S.C. § 551(1)(B). This exemption extends to United States probation offices because they are an arm of the federal courts. *Parmlee v. Leroy*, 243 F.3d 548, 548 (9th Cir. 2000); *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) ("[A] United States probation office is not subject to the FOIA's disclosure requirement because it is an arm of the federal courts."). Due to this exemption, FOIA requests directed to federal courts or their probation offices cannot be maintained as legal actions. *See United States v. Mitchell*, No. 03-6938, 2003 WL 22999456, at *1 (4th Cir. Dec. 23, 2003).

Hoffman's claim, therefore, faces the insurmountable substantive barrier that the United States probation office is not subject to FOIA's disclosure requirements, nor are its officers such as Congdon. Hoffman acknowledges that the polygraph documents are property of the Court. Dkt. 2-1, at 3. However, he fails to see the legal import of such a fact. It forecloses his claim. In short, even construing Hoffman's Motion as a complaint, it fails to state a claim for plausible relief under FOIA. Nevertheless, because Hoffman may identify some other statutory or common law basis for obtaining the polygraph documents, the Court will allow him leave to file a Complaint, if he wishes to proceed, under a different legal theory.

## IV. CONCLUSION

Hoffman's application to proceed in forma pauperis does not establish his indigency due to insufficient details; however, the Court will allow Hoffman to pay the filing fee over time. Hoffman must pay $100 a month towards the filing fee. Additionally, Hoffman's Motion is both procedurally and substantively insufficient at this stage. Nonetheless, the Court will allow him an opportunity to file a new Complaint. If Hoffman chooses to file a new Complaint, the Court will screen that Complaint in due course and again determine whether Hoffman's case may proceed.

## V. ORDER

1. Hoffman's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED as stated herein. Hoffman need not prepay the fee in full; however, Hoffman must pay $100.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure,

at any time, to comply with this payment schedule may result in dismissal of this case without further notice. The first payment is due on or before the last day of December 2020. The Court will allow Hoffman to file his Complaint before this payment is received.

2. After an initial review of the Motion (Dkt. 2), the Motion is DENIED and Hoffman's case is DISMISSED WITHOUT PREJUDICE. The Court GRANTS Hoffman leave to file a Complaint under a different legal theory should he choose to do so. Any Complaint must be filed within thirty (30) days of the issuance of this Order.

3. Failure to file a Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: December 2, 2020

_____
David C. Nye
Chief U.S. District Court Judge